IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 06-095 (PLF) | |
| v. ) | | |
| ) | | |
| ROBERTA BRAGA ) | | |
| ) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Roberta Braga, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the advisory United States Sentencing Guidelines, Ms. Braga respectfully asks the Court to sentence her to home detention.

**BACKGROUND**

On April 13, 2006, the government filed a one-count Information charging Ms. Braga with Theft or embezzlement in connection with health care in violation of Title 18 U.S.C. § 669. On April 20, 2006, Ms. Braga pled guilty, in accordance with a written plea agreement, to the Information. Ms. Braga is scheduled to be sentenced before this Court on February 13, 2007, at 10:00 a.m.

**DISCUSSION**

I.  **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005)

1

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II. UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. BRAGA SHOULD RECEIVE A SENTENCE OF HOME DETENTION

### A. Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

### B. Advisory Sentencing Guidelines

*(I). Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the Ms. Braga's total adjusted base offense level is 13. They have also determined that Ms. Braga's criminal history category is I, resulting in an advisory Guideline range of 12-18 months.

> (II).   *Ms. Braga Should Receive A Downward Departure Under USSG §5H1.6 For Having Extraordinarily Significant Family Responsibilities*

Though the advisory guidelines indicate that family ties and responsibilities are not "ordinarily relevant" in determining whether a departure may be warranted, this is not an ordinary case. Ms. Braga has two small children: Breno is 3 years old and Enzo is just shy of 5 months old. Caring for two small children is a tall order; caring for two small children when one is an infant is an extraordinary circumstance. Infants in particular are in need of constant attention and support, and they need that attention and support from their mothers. This is a case where causing Ms. Braga to be incarcerated outside of her home could irreparably damage her children by depriving them of her care and causing them stress and anxiety over her absence. For the sake of her children, Ms. Braga submits that a downward departure applies in her situation.[1]

C.   Section 3553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who

---

[1]   If the Court is not inclined to apply a downward departure, Ms. Braga submits that the same argument warrants a variance under the factors set forth in 18 U.S.C. § 3553.

have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Ms. Braga in no way wishes to diminish the seriousness of her offense, she notes that the crime to which she pled guilty was neither a crime of violence nor a drug-related offense. She submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme). Ms. Braga also notes that this is her first offense.

*II. Characteristics of the Defendant*

Ms. Braga is a wife and mother of two. Her oldest son, Breno, is 3 years old. Her youngest son, Enzo, will be almost 5 months at the time of sentencing. Ms. Braga and her husband are originally from Brazil, but they met each other in the United States and were married in Maryland.[2] Though they have made their life in the United States, all of their relatives remain in Brazil. They do receive visits from family members upon occasion, and they have been fortunate enough to make a handful of good friends in the United States, but for the most part they must care for their sons without having any family close by to help out.

---

[2] The PSR indicates that Ms. Braga may be subject to adverse action by Immigration Services once she is sentenced. PSR ¶ 5.

For Ms. Braga, her family is the most important thing in her life. She feels blessed to have two healthy children and her number one concern is that they are cared for and supported. Though she understands that she must be punished for her actions, she is extremely concerned about her sons and how they would be affected if their mother did not live with them. She is particularly worried about her infant son Enzo, who is at a stage in his life where being around his mother is vital to his development.

In addition, as the Court can see from the PSR, Ms. Braga is the one in the household who attends to all the family's needs. She has a much better grasp of the English language than her husband, as such, she is the one who primarily deals with her husband's clients and who takes care of the needs of his business. She also has a job of her own, which is instrumental in caring for the family since her husband's work is seasonal. Ms. Braga is one of those mothers who is forced to juggle her children, her job, and her home, and she is the glue that holds it all together.

With respect to the instant offense, Ms. Braga is at a loss for words. She is ashamed and humiliated. She will never forgive herself for the pain she has caused to Dr. Fidel, who was so generous toward her and her family. Dr. Fidel took her in when Ms. Braga and her husband were struggling as non-citizens and without any financial stability. Though she recognizes that it may sound absurd, Ms. Braga always intended to pay back the money she took. It got to the point where she lost track and taking the money spiraled out of control. She has no better explanation other than she was worried about her family and her bills. She does not attempt to make excuses; she knows that she has done something reprehensible and she will never forgive herself. She intends to pay back every penny and comply with every order of this Court, and she certainly will never do anything like this again.

*III. Appropriate Sentence*

Given all the circumstances, it would appropriate in this case to sentence Ms. Braga to home detention. The primary concern in this case is the money that was taken and the victim who suffered as a result. The remedy is for Dr. Fidel to get her money back. Dr. Fidel herself stated that "I would like to have [the money] back and I do not want to wait a long period of time." PSR ¶ 9. The only way for Dr. Fidel to recover her money is for Ms. Braga to begin paying restitution immediately. Ms. Braga has demonstrated that she can maintain a job and will be able to begin paying her restitution as soon as she is sentenced if she is allowed to continue working. She has demonstrated full compliance with all her release conditions and wants nothing more than to begin repairing the damage that has been done.

Another factor for the Court to consider is Ms. Braga's status with immigration. It is possible that if Ms. Braga is incarcerated, she will then be immediately deported, in which case the Court will not be able to monitor restitution payments. Practically speaking, in order to ensure that the victim is made whole in this case, the best solution is for Ms. Braga to be on home detention with the longest possible period of supervised release. This keeps her in the United States, makes her liable for restitution payments, and ensures that the victim is receiving her money. If Ms. Braga receives a sentence of incarceration, the likelihood that Immigration Services will immediately deport her is much higher than if she received home detention or probation.

A sentence of home detention would also be appropriate because of Ms. Braga's behavior while this case has been pending. She has been in complete compliance with all of her release conditions. She accepted responsibility immediately and saved valuable government resources

by waiving her right to an indictment, waiving her right to a trial, and allowing the process to flow quickly and smoothly by means of a plea agreement. Ms. Braga has no criminal history and she is extremely unlikely to re-offend, given the hardship this has caused to her family, her friends, and herself thus far. Last but not least, Ms. Braga's family depends on her, and while she knows she must be punished for her actions, she beseeches the Court not to punish her children.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Braga asks the Court to sentence her to home detention. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext.105